United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLE CAPITAL CORPORATION, a California corporation acting as Trustee for the benefit of the LA-VC Trust dba Pittsburg Marine Terminal,<br><br>          Plaintiff,<br><br>     v.<br><br>KOCH CARBON, INC., a Kansas corporation, KOCH CARBON, LLC, and Does 1 through 5,<br><br>          Defendants.<br>_____/ | No. 06-00525 MMC<br><br>**ORDER GRANTING KOCH CARBON'S MOTION TO STAY; VACATING HEARING**<br><br>(Docket No. 5) |

     Before the Court is the motion filed February 24, 2006 by defendants Koch Carbon, Inc. and Koch Carbon, LLC (collectively "Koch Carbon"), to stay the instant action, pursuant to the first-to-file rule, pending resolution of a motion to dismiss in an earlier-filed action in the District of Kansas. Plaintiff Isle Capital Corporation ("Isle Capital") has filed opposition; Koch Carbon has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, <u>see</u> Civil L.R. 7-1(b), VACATES the March 31, 2006 hearing, and rules as follows.

**BACKGROUND**

Isle Capital alleges it is the Trustee for the benefit of the LA-VC Trust, which does business as the Pittsburg Marine Terminal ("PMT") in the city of Pittsburg, California. (See Compl. ¶ 2.) On June 21, 1996, Koch Carbon entered into a lease with Isle Capital to operate and conduct a terminal facility at the PMT premises ("Lease"). (See id. ¶ 6, and Ex. A.) The Lease provided, in part, that Koch Carbon would improve the lease premises within five years of the commencement of the lease by constructing a "build out" according to the specifications of "Exhibit G," a drawing attached to the Lease. (See Compl. ¶ 10, and Ex. A ¶ 4(A) at 10-11.) According to Isle Capital, the "build out" was required, in part, to increase the amount of product flowing through the facility ("through put"). (See Compl. ¶ 19.) Rent payable from Koch Carbon to Isle Capital was partly based on the through put. (See id.)

In November 1996, Isle Capital executed a "State Lands Lease" with the state of California, which authorized Isle Capital to improve the waterfront in conjunction with the PMT. (See id. ¶ 8, and Ex. E.) On November 14, 1996, Koch Carbon entered into a sublease of the "State Lands Lease" with Isle Capital ("Sublease"). (See id. ¶ 9, and Ex. F.) The Sublease calls for Koch Carbon to construct, operate, and maintain a dock facility at the PMT. (See Compl. Ex. F at 1, "Recitals" ¶ 2.)

In June 2001, Isle Capital sent Koch Carbon a "Notice of Default resulting from their failure to complete the build out of the terminal facilities pursuant to Exhibit G to the Lease . . . ." (See Compl. ¶ 15.) On October 30, 2001, Isle Capital filed suit against Koch Carbon in Contra Costa County Superior Court ("2001 action") to enforce the Lease and to seek damages for breach of contract. (See id.) The 2001 action was settled and resulted in an amendment to the Lease titled "Amendment No. 3." (See id. ¶ 16, and Ex. D.) The amendment provides that if Koch Carbon completes construction of what is referred to as the "modified build out" before June 21, 2006, it "shall be deemed to have fully and forever satisfied and discharged" its construction requirements under the Lease. (See Compl. Ex.

D at 4 ¶ 6, section 4(A).)[1] The amendment further provides that if Koch Carbon fails to complete construction of the "modified build out" before June 21, 2006, it will remain obligated to construct the "build out" specified in "Exhibit G" of the Lease by June 21, 2006. (See id.)

Isle Capital alleges that, to date, Koch Carbon has not completed construction on the "modified build out" in Amendment No. 3, the original "build out" in the Lease, or the dock facility called for by the Sublease. (See Compl. ¶¶ 17, 25.)

On January 12, 2005, Koch Carbon filed a declaratory relief action against Isle Capital in the United States District Court for the District of Kansas ("Kansas action").[2] (See Defs' Req. for Judicial Notice Ex. 1.) In the Kansas action, Koch Carbon seeks a declaratory judgment that it has fulfilled its obligations under the Lease and Amendment No. 3 thereto. (See id. at 6.)

On January 5, 2006, Isle Capital filed the instant action against Koch Carbon in Contra Costa County Superior Court ("California action")[3]. Isle Capital seeks damages "in the tens of millions of dollars" for the loss of benefits resulting from Koch Carbon's breach of the Lease and the Sublease; Isle Capital further seeks specific performance of Koch Carbon's construction obligations under the Lease and Sublease. (See Compl. ¶¶ 20, 25, 29.) The California action was removed to federal court on January 27, 2006.

On January 6, 2006, the day after it filed the California action, Isle Capital filed a motion to dismiss the Kansas action for lack of personal jurisdiction. (See Bowles Decl. ¶ 5; see also District of Kansas Docket for Case No. 05-cv-01010.) In an order dated March 1, 2006, the Kansas court granted Koch Carbon's motion for an extension of time to respond to the motion and afforded Koch Carbon leave to conduct discovery on the

---

[1] Isle Capital asserts that the "modified build out" consists of the construction of a storage barn. (See Bowles Decl. ¶ 2.)

[2] Koch alleges that its principal place of business is in Wichita, Kansas. (See Defs.' Req. for Judicial Notice Ex. 1 ¶ 2.)

[3] Although the state court complaint is file-stamped "December 5, 2006," it was signed January 3, 2006 and bears the case number C 06-00033.

1 jurisdictional issues raised in Isle Capital's motion to dismiss.  See Koch Carbon v. Isle
2 Capital, No. 05-1010-MLB-DWB, slip op. at 7-8 (D. Kan. March 1, 2006).  Koch Carbon's
3 opposition to the motion to dismiss is due no later than August 5, 2006.  See id. at 8-9.

**LEGAL STANDARD**

5 The first-to-file rule provides that "when cases involving the same parties and issues
6 have been filed in two different districts, the second district court has discretion to transfer,
7 stay, or dismiss the second case in the interest of efficiency and judicial economy."  See
8 Cedars-Sinai Medical Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).  The first-to-file
9 rule "normally serves the purpose of promoting efficiency well and should not be
10 disregarded lightly."  See Church of Scientology v. United States Dept. of the Army, 611
11 F.2d 738, 750 (9th Cir. 1979); see also id. (noting rule "is designed to avoid placing an
12 unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting
13 judgments.")

**DISCUSSION**

15 Koch Carbon argues that the instant action should be stayed, pending resolution of
16 Isle Capital's motion to dismiss in the Kansas action, because all the prerequisites of the
17 first-to-file rule have been met: the Kansas action was filed first, and both the Kansas and
18 California actions involve the same parties and issues.  Isle Capital argues in response that
19 the 2001 action was the first action filed and, in any event, the issues raised in the Kansas
20 and California actions are not the same. In the alternative, Isle Capital argues that even if
21 the prerequisites of the first-to-file rule are met, an exception to the rule applies because
22 Koch Carbon acted in bad faith by filing an anticipatory lawsuit in Kansas.  Isle Capital
23 further argues that California is the best forum to resolve this dispute and that a stay of the
24 California action will cause prejudicial delay.

25 **A.  First Filed Action**

26 The first-to-file rule applies "when a similar complaint has already been filed in
27 another federal court."  See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 623 (9th
28 Cir. 1991) (emphasis added).  The 2001 action was brought in California state court.

4

1 Further, that action was dismissed with prejudice in March 2002, after Isle Capital and Koch
2 Carbon entered into a settlement agreement.  (See Plaintiff's Req. for Judicial Notice Ex.
3 B.)
4       Accordingly, the Court finds that the Kansas action, which was filed nearly a year
5 before the California action, is the first filed action in this controversy.
6     **B.  Same Parties**
7       It is undisputed that the Kansas and California actions involve the same parties.
8     **C.  Same Issues**
9       Koch Carbon argues that the issues in the Kansas and California actions are
10 identical because "both actions involve the parties' rights and responsibilities pursuant to
11 their lease agreement and the accompanying amendments."  (See Motion at 4.)  In
12 response, Isle Capital argues that the issues in the two actions differ in that, in the Kansas
13 action, Koch Carbon seeks a declaration that it fulfilled its obligations under the Lease,
14 whereas, in the California action, Isle Capital asserts that Koch Carbon breached the
15 Lease, the amendments thereto, and the Sublease.  Further, Isle Capital argues, the
16 actions differ because Koch Carbon seeks only declaratory relief in the Kansas action,
17 whereas Isle Capital seeks millions of dollars in damages in the California action.  These
18 arguments are not persuasive.
19       First, although the complaint in the Kansas action seeks a declaration only as to the
20 parties' respective rights under the Lease and Amendment No. 3 thereto, the Sublease is a
21 part of the Lease.  The Lease specifically sets forth Isle Capital's intent to enter into a
22 "State Lands Lease" with the state of California and  to sublease a portion of the property
23 described in that lease to Koch Carbon.  (See Compl. Ex. A at 1.)  Indeed, the State Lands
24 Lease and the Sublease are expressly incorporated by reference into the Lease "upon
25 [their] execution."  (See id. at 5 ¶¶ Z and AA.)  Thus, the Kansas and California actions
26 both address the parties' obligations under the same documents.  Second, the form of relief
27 sought does not determine the "similitude" of the issues.  Alibaba.com, Inc. v. Lifecubes,
28 Inc., 2004 U.S. Dist. LEXIS 3492 at *6; cf. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th

Cir. 1989) (holding "exact parallelism" between two actions at issue not required for stay under Colorado River doctrine).

Accordingly, the Court finds the issues in the Kansas and California actions are sufficiently similar to satisfy the first-to-file rule.

### D. Exceptions to the First-to-File Rule

Isle Capital argues that, even if the prerequisites of the first-to-file rule are met, there are exceptions to the rule that apply to the instant action.

Where the threshold factors of the first-to-file rule are met, a district court nonetheless has the discretion to dispense with the rule for reasons of equity. See Alltrade, 946 F.2d at 625-26. "The circumstances under which an exception to the first-to-file rule will typically be made include bad faith, anticipatory suit, and forum shopping." Id. at 628 (internal citations omitted).

Isle Capital argues that the Kansas action is an anticipatory suit because "Koch Carbon knew that Isle Capital would re-file [the 2001 action] if and when Isle Capital became aware that [Koch Carbon] had no intention of performing." (See Opp. at 6.) Isle Capital cites Mission Insurance Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 n.3 (5th Cir. 1983), for the proposition that "[a]nticipatory suits are disfavored because they are aspects of forum shopping." In Mission Insurance, however, there was specific evidence that the plaintiff in the first action was well aware that the opposing party intended to file suit imminently in another forum. See id. at 602. Under such circumstances, the court found such party had filed an anticipatory suit in order to obtain its forum of choice. See id. In the instant case, there is no evidence that Koch Carbon filed the Kansas action because it knew that Isle Capital had imminent plans to file suit in California. Indeed, although Koch Carbon filed the Kansas action on January 12, 2005, Isle Capital did not file the California action until January 5, 2006, nearly a year later. (See Def's Req. for Judicial Notice, Ex. 1; see also Compl. at 1.) In short, there is no evidence that the Kansas action was an anticipatory suit, or that Koch Capital engaged in forum shopping.

Isle Capital further argues that the Kansas action was filed in bad faith because

6

1  Koch Carbon negotiated a settlement of the 2001 action with "no intent to perform" and
2  Koch Carbon "certainly knew that the Kansas court has no jurisdiction." (See Opp. at 7.)
3  Isle Capital has submitted no evidence that Koch Carbon never intended to perform under
4  the settlement to the 2001 action. Likewise, even assuming arguendo the Kansas district
5  court lacks jurisdiction over Isle Capital, there is no evidence that Koch Carbon was aware
6  of any such deficiency. In sum, Isle Capital has failed to demonstrate that Koch Carbon
7  filed the Kansas action in bad faith.
8        Accordingly, Isle Capital has failed to show an exception to the "first to file" rule
9  applies in the instant case.

10       **E.  Proper Forum to Resolve Dispute**
11       Isle Capital argues that the California action should be allowed to proceed because
12 California is the best forum to resolve this dispute. Arguments concerning the convenience
13 of witnesses and the parties are properly addressed, in the first instance, to the court in the
14 first-filed action. See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 96 (9th Cir.
15 1982). "Apprehension that the first court would fail to appropriately consider the
16 convenience of the parties and the witnesses should not be a matter for [this Court's]
17 determination." Id. Isle Capital acknowledges it intends to file a motion to transfer in the
18 Kansas action if that court denies Isle Capital's motion to dismiss. (See Opp. at 7.)
19       Accordingly, the Court declines to address Isle Capital's arguments with respect to
20 the convenience of the witnesses and parties in this action, which, in any event, are
21 unsupported by citations to evidence.

22       **F.  Prejudicial Delay**
23       Isle Capital argues that staying the instant action pending resolution of its motion to
24 dismiss in the Kansas action would cause it prejudice because the delay "may very well
25 cause the memories of witnesses to fade and plaintiff's ongoing damages to increase."
26 (See Opp. at 8.)
27       This argument is unavailing for two reasons. First, any increase in damages will be
28 recoverable if plaintiff ultimately prevails. Second, the Kansas action was filed more than a

7

1 year ago, on January 12, 2005.  Isle Capital received numerous extensions of time to
2 respond to the complaint, (see Armstrong Decl. ¶ 5; see also Bowles Decl. ¶ 5), and finally,
3 in January 2006, filed a motion to dismiss the action for lack of personal jurisdiction.  That
4 same month, the complaint in the instant action was filed in state court.  (See Bowles Decl.
5 ¶ 5.)  Any risk that witnesses' memories may fade is attributable in large part to Isle
6 Capital's own actions in delaying both the Kansas litigation and the filing of the instant
7 action.

## CONCLUSION

9 For the reasons set forth above, the Court finds application of the first-to-file rule will
10 best serve the interests of efficiency, judicial economy and the avoidance of conflicting
11 judgments.  Accordingly, the Court hereby GRANTS defendant's motion and STAYS
12 plaintiff's claims against Koch Carbon in the instant action pending resolution of Isle
13 Capital's motion to dismiss in the Kansas action.  The parties shall notify the Court within
14 seven days of the Kansas Court's ruling thereon.

**IT IS SO ORDERED.**

Dated: March 28, 2006

MAXINE M. CHESNEY
United States District Judge